BLD-099                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1193
_____

IN RE: CLARA C. PACIULETE,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus to the
United States District Court for District of New Jersey
(Related to Civ No. 1:25-cv-18043)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 19, 2026
Before:  KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed: May 27, 2026)
_____

OPINION*
_____

PER CURIAM

    Clara Paciulete has filed a petition for mandamus relief.  For the reasons that

follow, we will deny the petition.

    In November 2025, Paciulete filed a mandamus petition in the District Court.  She

alleged that the Clerk of the District Court had refused to accept her motion for

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

emergency injunctive relief. She requested that the District Court order the Clerk to docket her motion. That same day, the Clerk docketed her motion as received.

By order entered December 9, 2025, the District Court dismissed the writ of mandamus without prejudice for failure to state a claim. The District Court acknowledged that Paciulete's emergency motion was styled as a complaint and asserted claims under 42 U.S.C. § 1983. It then declared that it could not accept or address her motion because she had not properly initiated the action by filing a complaint. Paciulete did not file a notice of appeal.

In February 2026, Paciulete filed in this Court an "Emergency Petition for a Writ of Habeas Corpus (28 U.S.C. § 2241) and a Writ of Mandamus (28 U.S.C. § 1361)." She alleged an extensive conspiracy against her and her child since 2022 by several persons and institutions including family members, law enforcement, courts, hospitals, and school personnel. She sought habeas relief, mandamus relief, a restraining order, appointment of counsel, a federal investigation, and sanctions.

Paciulete seeks habeas relief in the form of an injunction against any unlawful detention, forced commitment, or removal of her child. A habeas petition must be filed in the District Court in the first instance. *See* Fed. R. App. P. 22(a); *Felker v. Turpin*, 518 U.S. 651, 660-61 (1996) (explaining that Rule 22(a) "bar[s] consideration of original habeas petitions in the courts of appeals"). Moreover, while Paciulete alleges that there have been attempts to involuntarily commit her for psychiatric treatment, she does not allege that she is currently in custody and is not entitled to habeas relief based on any

2

speculative future confinement. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 700 (3d Cir. 1996); 28 U.S.C. § 2241(c) (providing that one seeking habeas relief must be in custody).

As for mandamus relief, she requests that (1) the District Court vacate its December 5, 2025 order and grant the emergency relief she had requested; (2) law enforcement agencies cease responding to false 911 calls; (3) hospitals delete fraudulent mental health reports; and (4) the school district conduct a proper interview of her child and provide services required by the Individuals with Disabilities Education Act (IDEA). She also seeks a restraining order enjoining a long list of persons and organizations.

In order to be entitled to the extraordinary remedy of mandamus relief, Paciulete must show that she lacks adequate alternative means to obtain the relief she seeks, and she carries the burden of showing that her right to relief is clear and undisputable. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). A petition for a writ of mandamus is not a substitute for an appeal. *See In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2006).

Paciulete has not made the showing required for mandamus relief. She has the alternative means of challenging the school district's action or inaction in the District Court after exhausting her administrative remedies under the IDEA. *See J.M. v. Summit City Bd. of Educ.*, 39 F.4th 126, 139 (3d Cir. 2022). And Paciulete has not shown that she has a clear and undisputable right to an order directing law enforcement to refuse to respond to emergency calls, the deletion of hospital records, or the restraining order she

requests.  Nor has she shown a clear right to the appointment of counsel.  *See Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993) (describing factors to be considered in deciding whether to appoint counsel).

While Paciulete requests sanctions pursuant to 28 U.S.C. § 1927, that statute provides that an attorney who unreasonably multiplies a proceeding may be required to pay the costs caused by such conduct.  As Paciulete chose to not serve the respondents with the mandamus petition and no attorneys have participated in the proceedings, sanctions are not available under § 1927.

As for her request for a federal investigation, an individual has no federal right to require the government to initiate criminal proceedings.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also United States v. Berrigan*, 482 F.2d 171, 173-74 (3d Cir. 1973) (Government is permitted some selectivity in its enforcement of criminal laws).

Paciulete also requests that we order the District Court to vacate its order.  As noted above, a mandamus petition is not a substitute for an appeal.  Moreover, Paciulete has the alternative remedy of refiling her complaint in the District Court.  If the filing is otherwise compliant,[1] we are confident that the District Court Clerk will docket the complaint and the District Court will address it.  *See McDowell v. Del. State Police*, 88

---

[1] According to the District Court docket, some of Paciulete's submissions were not accepted for failure to meet the technical requirements for the Alternate Document Submission process.

4

F.3d 188, 191 (3d Cir. 1996) (noting that District Court Clerk improperly refused to open a proceeding when the plaintiff filed a "'Motion for Compensation,' which in substance, if not form, appeared to be intended as a complaint"); *see also* Fed. R. Civ. P. 5(d)(4) (providing that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice"); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (explaining that pro se complaints are to be liberally construed and held to less stringent standards than those drafted by lawyers).

For the above reasons, we will deny the petition for mandamus. To the extent Paciulete has requested any other relief, it is denied.